UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                    )
**UNITED STATES OF AMERICA**        )
                                    )     **CRIMINAL ACTION**
**v.**                              )
                                    )     **NO.  15-40040-TSH**
**VIDA CAUSEY,**                    )
                                    )
           **Defendant.**            )
_____ )


<u>**ORDER AND MEMORANDUM ON GOVERNMENT'S MOTION FOR IMPOSITION OF RESTITUTION ORDER (Docket No. 45)**</u>

**October 7, 2019**

**HILLMAN, D.J.**

On September 28, 2015, the United States of America (the "Government") filed an Information charging Vida Causey ("Defendant") with conspiracy to traffic in Supplemental Nutrition Assistance Program ("SNAP") benefits, SNAP fraud, and engaging in monetary transactions.  (Docket No. 2).  Defendant pled guilty to these charges.  Her plea agreement with the Government specified that the Government would recommend a sentence of, *inter alia*, "restitution of $3,512,906.55" and "forfeiture as set forth in Paragraph 9."  (Docket No. 7 at 4).  Paragraph 9 included a forfeiture of "$3,512,906.52 in United States currency in the form of a monetary judgment."  (Docket No. 7 at 4, 6).  Defendant reserved the right to argue for a different sentence.  (Docket No. 7 at 4).

1

This Court sentenced Defendant to one year and one day in prison, three years of supervised release, and forfeiture of $3,512,906.44.[1] The Court withheld any determination on restitution, ordering that it would decide the amount of restitution "after any amount of forfeiture is recovered." (Docket No. 25). The Government has recovered the forfeiture of $3,512,906.44 in the form of a monetary judgment and now moves for the imposition of restitution. The Court *denies* the motion.

## Discussion

Under the Mandatory Victims Restitution Act ("MVRA"), 18 U.S.C. § 3663A, if a defendant is convicted of "an offense against property . . . including any offense committed by fraud or deceit," the court must order restitution to any identifiable victims. Because restitution is meant "to make the victim whole again," *United States v. Innarelli*, 524 F.3d 286, 293–94 (1st Cir. 2008), if the court determines that restitution is appropriate, the court may only consider the amount of actual loss to the victim and not the economic circumstances of the defendant, 18 U.S.C. § 3664(f)(1)(A). "The Government bears the burden of demonstrating the loss amount by a preponderance of the evidence." *Id.* at 293 (citing 18 U.S.C. § 3664(e)).

Defendant contends that the United States Department of Agriculture, Food and Nutrition Services ("USDA-FNS") is not a victim of her crimes because it did not suffer any actual loss as a result of her scheme. (Docket No. 48 at 2). According to Defendant, "[t]he essential gravamen of [her] criminal conduct was that she impermissibly purchased SNAP benefits from SNAP recipients at a discounted cash value." (Docket No. 48 at 2). Because the SNAP recipients from

---

[1] On October 11, 2017, the Government moved for a Final Order of Forfeiture of Property. (Docket No. 42). The Court issued this order on October 31, 2017. (Docket No. 44).

whom she purchased those benefits had received them lawfully in the first instance, she argues that USDA-FNS could not have incurred any loss. (Docket No. 48 at 2).

While the Court rejects the notion that USDA-FNS was not a victim of Defendant's scheme, it agrees that the Government has not shown any actual loss. Actual loss is limited to the "pecuniary harm that would not have occurred but for the defendant's criminal activity." *United States v. Alphas*, 785 F.3d 775, 786 (1st Cir. 2015). It does not include losses that "would have occurred regardless of the defendant's misconduct." *Id.* (quoting *United States v. Cutter*, 313 F.3d 1, 7 (1st Cir. 2002)). Here, USDA-FNS has not suffered any pecuniary harm as a result of Defendant's actions. The SNAP recipients were entitled to the benefits that they illegally sold to Defendant, and USDA-FNS would have spent $3,512,906.44 even if Defendant had not conducted her fraud. *Cf. Alphas*, 785 F.3d at 786 (noting that "[a]n insurer's recoverable loss for MVRA purposes is confined to the amount the insurer would not have paid but for the fraud"); *Cutter*, 313 F.3d at 8 ("But while the transfer of the property from Cutter to Bailey may have created the occasion for Cutter's false oath and concealment, the latter acts were not necessary to establish Bailey's $20,000 liability to the bankruptcy estate."). Because the Government has not shown the existence of any actual loss caused by Defendant, the Court must deny the motion for restitution.

## Conclusion

For the reasons above, the Court ***denies*** the Government's motion to impose a restitution order. (Docket No. 45).

**SO ORDERED**

                                                ***/s/ Timothy S. Hillman***
                                                **TIMOTHY S. HILLMAN**
                                                **DISTRICT JUDGE**